IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARIO MONTAÑEZ-GOMEZ,

Defendant.

CRIM. NO.: 12-364(GAG/SCC)

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.   PROCEDURAL BACKGROUND**

On May 3, 2012, defendant Mario Montañez-Gomez was charged in a single-count indictment. On July 30, 2012, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count one of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count one charges that the defendant, having been previously convicted of a felony, did knowingly and unlawfully possess, in and affecting interstate commerce, a firearm and ammunition, all in violation of Title 18, United States Code, §§ 922(g)(1) and 924(a)(2).

1

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

The defendant was advised of the purpose of the hearing and placed under oath,

with instructions that his answers must be truthful or he would subject himself to possible

charges of perjury or making a false statement.

## II.      CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial by

jury.[1] He confirmed that his attorney explained and translated the form, and he was further

explained his right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if he chose to proceed before a magistrate judge, that the magistrate would hold the

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

consented to proceed before a magistrate judge.

## III.     PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11

---

1.      That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony
        Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the
        record.

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only

if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir.

2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with an

'understanding of the nature of the charge and consequences of his plea.'" *United States v.

Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459, 467

(1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an

understanding of the charges, and (3) knowledge of the consequences of pleading guilty.

*Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A.    Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of

treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his

understanding of the purpose of the hearing. It was confirmed that the defendant received

a copy of the indictment and fully discussed the charges with his counsel and was satisfied

with the advice and representation he received. The court inquired whether counsel for the

defendant or the government had any doubts about the defendant's capacity to plead;

neither had any doubts about defendant's competency. Upon hearing the defendant's

responses and observing his demeanor, a finding was made that the defendant was

competent to plead and was fully aware of the hearing's purpose.

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

### B.    Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, as to count one, a term of imprisonment of not more than ten years, a fine of up to $250,000, and a term of supervised release of not more than three years. However, Defendant was also informed that a special monetary assessment of $100 would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). Additionally, the defendant agreed to the forfeiture count. The court explained the nature of supervised release and the consequences of violating its terms.

### C.    Plea Agreement

The defendant was shown documents titled Plea Agreement and Supplement to Plea Agreement (together, "Plea Agreement"), which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before signing, that his attorney had translated the document, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Rule 11(c)(1)(C) of the Rules of

<u>United States v. Motañez-Gomez</u>
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

Criminal Procedure, that the district judge can either accept the Plea Agreement, and

impose the sentence recommended by the parties, or reject it, in which case the defendant

will have the opportunity to withdraw his guilty plea and go to trial, or persist in his guilty

plea, in which case the judge may then impose a sentence greater than the defendant might

anticipate.

The parties' sentencing calculations and recommendations appear in the Plea

Agreement and were explained in open court. The defendant confirmed that these were

the sentencing recommendations he agreed to with the government. He was specifically

informed that the district judge would decide whether or not to accept the Plea Agreement

after considering the applicable sentencing guidelines. The defendant was made to

understand that the guidelines are no longer mandatory and are thus considered advisory,

and that during sentencing, the court will consider the sentencing criteria found at Title 18,

United States Code, Section 3553(a).

The defendant was advised that under some circumstances, he or the government

may have the right to appeal the sentence the court imposes. The defendant was further

informed, and professed to understand, that the Plea Agreement contains a waiver of

appeal provision under which the defendant agreed to waive his right to appeal the

judgment and sentence if the court accepts the Plea Agreement and sentences him

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

according to its terms and conditions.

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further advised that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations. The

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

defendant was also informed that parole has been abolished and that any sentence of

imprisonment must be served. Further, defendant was explained that a pre-sentence report

would be prepared and considered by the district judge at sentencing. Defendant was

admonished that his guilty plea, if accepted, may deprive him of valuable civil rights,

including the right to vote, to hold public office, and to possess a firearm. The defendant

expressed his understanding of these consequences.

### E.      Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged

in count one and the evidence the government had available to establish the defendant's

guilt beyond a reasonable doubt, should the case go to trial. The defendant understood this

explanation and agreed with the government's submission as to evidence which could have

been presented at trial.

### F.      Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather, that

he was entering such a plea freely and voluntarily because he is in fact guilty, and that no

one had threatened him or offered him a thing of value in exchange for his plea. He

acknowledged that no one had made any promises in exchange for his guilty plea, other

than the recommendations set fort in the Plea Agreement. Throughout the hearing, the

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

## IV.   CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure and entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under Rule 11, I find that the defendant, Mario Montañez-Gomez, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with the full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to count one of the indictment.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 8th day of August, 2012.

S/ SILVIA CARREÑO-COLL

United States v. Motañez-Gomez
Crim. No. 12-364(GAG/SCC)
Report and Recommendation

UNITED STATES MAGISTRATE JUDGE